UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE, DAVID JENNINGS,
BURNEY EVERETT, EZRA JOHNSON,
JOHN WILSON, TERRY T. HENDERSON,
DARRYL HALL, MORRIS J. YOUNG,
and CLIFTON ROBINSON,

        Plaintiffs.

v.

        Case Number 20-11898
        Honorable David M. Lawson

WILLIAM BARR, MICHAEL CARVAJAL,
and JONATHAN HEMINGWAY,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT IN PART
AND DIRECTING SERVICE UPON JONATHAN HEMINGWAY**

Plaintiff David Lee is a prisoner confined at the Federal Correctional Institution in Milan, Michigan. He signed a complaint for himself and on behalf of eight other prisoners alleging violations of the Eighth Amendment based on the conditions at the prison and its response to the coronavirus and the COVID-19 pandemic. He alleges that prison officials are unable to maintain social distancing, that there is a lack of testing for the virus, and that COVID-19-positive inmates are being housed with COVID-19-negative inmates, including those who are medically vulnerable. Lee identified as defendants former United States Attorney General William Barr, Bureau of Prisons Director Michael Carvajal, and Milan Warden Jonathan Hemingway. He seeks injunctive relief, including improved prison conditions, alternative incarceration, and release from custody.

The Court has granted Lee's application to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act of 1996 (PLRA), the Court must screen prisoner complaints for merit and dismiss the claims found wanting. Lee's complaint is defective

because he purports to assert claims on behalf of other prisoners who have not signed the complaint, and Lee has no authority to represent them because he is not an attorney. Also, the allegations against defendants Barr and Carvajal are not sufficient to state a claim against them. The Court will dismiss the complaint as to all plaintiffs other than Lee and as to defendants Barr and Carvajal. The Court will order service of the complaint on defendant Hemingway.

I.

As noted above, David Lee is a federal prisoner confined at FCI Milan. He alleges in a complaint that the protocols in place are insufficient to protect him from infection by the novel coronavirus. He represents himself, and there is no indication that he is an attorney. And his *pro se* civil rights complaint, brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), purports to allege claims on behalf of himself and several other Milan inmates.

II.

The PLRA requires the Court to dismiss a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The same screening is required when the complaint seeks redress against government entities, officers, and employees. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is

entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does require not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, the plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, the plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

A.

The Civil Rules of Procedure contain more mandatory requirements. Rule 11 states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record

in the attorney's name — or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In this case, only Lee signed the complaint and submitted an application to proceed without prepayment of the filing fee for this action (which the Court has granted). The other Milan inmates did not do so.

Lee is not an attorney, so it appears, and therefore he cannot be an "attorney of record." Therefore, Lee's signature is insufficient to validate the complaint for listed plaintiffs David Jennings, Burney Everett, Ezra Johnson, John Wilson, Terry T. Henderson, Darryl Hall, Morris J. Young, and Clifton Robinson. A prisoner cannot sign a pleading on behalf of another prisoner in a legal proceeding in federal court. *See, e.g., Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985) (holding that an unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on behalf of fellow prisoner in legal proceedings). Nor can Lee serve as a class representative for the other inmates while he is unrepresented and brings the case for himself, because he cannot adequately protect the interests of other plaintiffs. A *pro se* prisoner is not an adequate representative of the interests of his fellow inmates in a class action. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001).

The Court, therefore, will dismiss the complaint as to listed plaintiffs Jennings, Everett, Johnson, Henderson, Hall, Young, and Robinson. This dismissal is without prejudice to those inmates filing their own complaints in accordance with the Federal Rules of Civil Procedure.

B.

Lee's complaint does not state facts that demonstrate the personal involvement of defendants Barr and Carvajal in the alleged improprieties giving rise to the complaint. That is a problem for him because a civil rights plaintiff must allege the personal involvement of a defendant

to state a claim under *Bivens*. *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978) (holding that analogous claims under 42 U.S.C. § 1983 cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (holding that the plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Lee makes no specific allegations against those defendants in his complaint. Conclusory allegations are insufficient to state a civil rights claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009).

For these same reasons, Lee cannot predicate his claims against these defendants on the actions of defendant Hemingway or any Bureau of Prisons or Milan personnel. Any assertion that Barr or Carvajal failed to supervise an employee, should be vicariously liable for an employee's conduct, erred in denying grievances, or did not respond sufficiently to the situation is insufficient to state a claim under *Bivens*. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Lee also has not alleged facts to show that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure adequately to investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth a three-part test for such claims). Lee's complaint fails to state a claim against defendants Barr and Carvajal.

C.

Lee's claims against defendant Hemingway are not subject to summary dismissal. Lee alleges that he is not being sufficiently protected from COVID-19 while confined at Milan in

violation of his Eighth Amendment rights. As warden, defendant Hemingway is responsible for the safety of inmates at Milan. Consequently, such allegations state potential claims for relief under *Bivens* as to defendant Hemingway and are not subject to dismissal at this time.

### III.

Plaintiffs Jennings, Everett, Johnson, Wilson, Henderson, Hall, Young, and Robinson are not proper parties to this action. Plaintiff Lee fails to state a claim for which relief may be granted as to defendants Barr and Carvajal. The complaint states a plausible claim for relief under the Eighth Amendment against defendant Hemingway at this stage of the case.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** as to plaintiffs David Jennings, Burney Everett, Ezra Johnson, John Wilson, Terry T. Henderson, Darryl Hall, Morris J. Young, and Clifton Robinson.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** as to defendants William Barr and Michael Carvajal, **only**.

It is further **ORDERED** that a summons, a copy of the complaint, and a copy of this order be served upon defendant Hemingway by the United States Marshal without prepayment of costs.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: June 2, 2021